La Pointe v. O'Toole.

# EUGENE LA POINTE

v.

# MICHAEL O'TOOLE, BY HIS NEXT FRIEND, ETC.

*Instructions—Erroneous Assumption of Fact in.*

Where, in an instruction given to a jury, a material fact is assumed which is denied by the defendant and which is put in issue by the pleadings, such assumption constitutes reversible error.

[Opinion filed February 9, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding.

Messrs. LUTHER LAFLIN MILLS and JOHN McGAFFEY, for appellant.

Mr. EDWARD MAHER, for appellee.

MORAN, J.   The declaration in this action alleged that the defendant committed an assault and battery upon the plaintiff and struck him violently, and with force and violence threw him out of a building, thereby breaking his leg, etc. The defendant filed two pleas: the general issue and *molliter manus imposuit*.   On the trial there was a direct conflict of evidence upon the point as to whether defendant laid hands upon plaintiff at all.   The evidence in behalf of plaintiff tended to prove that said plaintiff, who was at the time of the alleged injury a lad about eight years of age, was with some boy companions in a building belonging to defendant, which was in process of erection and was in an unfinished state.   The boys had been running through the building playing tag, and plaintiff having grown tired of the sport sat down on a pile of lumber which was upon the floor, which floor was about eight feet above the surface of the ground outside; that while sitting on said lumber defendant climbed up a ladder onto the floor, came behind plaintiff, seized him and threw him out of the doorway to the ground, causing the injury.

Defendant's evidence tended to show that the boys who were in the building started to run away when the alarm was given by some one of their number that defendant was climbing up the ladder into the building, and that he shouted to them to clear off, that they had no business there; that some of the boys, plaintiff among them, jumped out of the door upon the ground, and that defendant never laid hands upon plaintiff in any way.   Upon this state of the evidence the court gave to the jury, at the request of the plaintiff, among others, the two instructions following:

La Pointe v. O'Toole.

5. "In determining the question whether the defendant, La Pointe, used more force than was reasonably necessary to remove the plaintiff, O'Toole, from the premises, the jury have a right to consider the situation of the parties, their relative ages and the physical strength or weakness of either of the parties, so far as such facts are in evidence, and from these and all the facts and circumstances proved on the trial decide whether the force used by the defendant, La Pointe, was reasonably necessary under the circumstances. If the jury believe, from the evidence, that the defendant used unreasonable violence, then the jury should find him guilty."

6. "Even if the jury find from the evidence that the plaintiff had no right on the premises in question, this fact of itself would not justify the defendant in using any more force than was reasonably necessary to remove the plaintiff from the premises. And if the jury find from the evidence that the injuries complained of were inflicted without any reasonable necessity therefor, or were wantonly or recklessly inflicted, then and in such case, it is the duty of the jury to find the verdict in favor of the plaintiff."

It needs no argument to demonstrate that these instructions are faulty. They assume against the defendant the fact that his plea puts in issue and which his evidence tended to deny, to wit, that defendant forcibly threw plaintiff from the house. That they are erroneous is plainly admitted by appellee's counsel in this court, and he recognizes that the giving of them must cause a reversal of the case unless the court should be of opinion from the whole record that plaintiff would have had a verdict in any event. The record presents no such case as would authorize us to sustain the judgment notwithstanding the error committed. Defendant is entitled to have the verdict of the jury on the issue made by the evidence, and he was effectually deprived of such verdict by the assumption made against him in the instructions.

The judgment must be reversed and the cause remanded.

*Reversed and remanded.*